**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-1924-RMR

ABSARI HADGU BERHE,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility owned and operated by GEO Group, Inc.;
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD LYONS Acting Director of Immigration and Customs Enforcement (ICE); and
TODD BLANCHE, Attorney General, U.S. Department of Justice;

      Respondents.

---

**ORDER**

---

Petitioner Absari Hadgu Berhe ("Petitioner") is a 34-year-old man from Eritrea. ECF No. 1 ¶ 5. He entered the United States in December 2024 and has been detained by ICE since that time. *Id.* ¶¶ 15-16. He was released on parole pending removal proceedings and, during his parole, lived with a family relative in Greeley, Colorado. *Id.* ¶¶ 16-17. Petitioner has never been arrested or convicted of a crime. *Id.* ¶ 18. He has complied with all conditions of his parole. *Id.* ¶ 19. On February 12, 2025, Petitioner reported to an ICE office field for a scheduled check-in appointment. *Id.* ¶ 20. He was asked to return the following week due to the office's large caseload. *Id.* When he returned

on February 18, 2025, Petitioner was detained by ICE and transferred to the ICE detention facility in Aurora. *Id.* ¶ 21.

Petitioner fled Eritrea after Eritrean soldiers threatened to find and arrest him. *Id.* ¶ 14. Based on this fear of persecution, Petitioner sought but was denied asylum on October 21, 2025. *Id.* ¶ 22. The immigration judge ordered his removal to Eritrea but granted withholding of removal after finding that Petitioner's life and freedom would be more likely than not subject to future threat by the Eritrean government. *Id.* ¶ 22. The order of removal became administratively final on November 3, 2025, when Petitioner and the Government both waived an appeal of the order. *Id.* ¶ 23.

On May 4, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1,[1] seeking immediate release." *Id.* at 17. Petitioner then filed a Motion for Preliminary Injunction ("Motion"), ECF No. 8,[2] requesting the Court prohibit Respondents from "removing him to the Central African Republic or any third country without notice and opportunity to assert a fear-based protection claim." ECF No. 8 at 16. In their response, Respondents stated that they "submit that the Court, instead of ruling on the merits of Petitioner's PI Motion, should issue an order directing Petitioner's release from custody on conditions to be set by the Department of Homeland Security." ECF No. 9 at 2 (citing 8 U.S.C. § 1231(a)(3). "While Respondents maintain that Petitioner's detention is lawful and do not concede that it is unlawful, for purposes of this specific case, Respondents

---

[1] Respondents filed a Response to the Court's Orders to Show Cause, ECF No. 6, and Petitioner filed a reply, ECF No. 7.

[2]

are at this time not further opposing an order granting the Petition under the facts and circumstances of this case." *Id.*

At this point, Petitioner's order of removal became administratively final over six-months ago, and he has been detained beyond the reasonable six-month period established in *Zadvydas*. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Then, the burden shifts to Respondents to demonstrate that his removal is reasonably foreseeable. *Id.* at 699. Although Respondents previously indicated that Petitioner was scheduled to be removed to the Central African Republic on May 26, 2026, ECF No. 6-1 ¶ 23, that date has come and gone. Respondents have not provided any new, contemporaneous information to demonstrate that Petitioner's removal is reasonably foreseeable. Additionally, Respondents have submitted to the Court that they do not oppose the grant of the Petition. Therefore, Respondents have not met their burden to justify continued detention under § 1231.

Accordingly, the Court finds that immediate release is appropriate. However, any release conditions to be set by DHS must be limited to those outlined in 8 U.S.C. § 1231(a)(3)—"(A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien."

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2.  Respondents shall release Petitioner from custody **IMMEDIATELY**, but no later than within **24 HOURS** of this Order and may impose reasonable conditions of release or supervision as outlined in this Order;

3.  Respondents shall file a status report within **48 HOURS** of this Order to certify compliance;

4.  Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner absent providing Petitioner with written notice and a hearing prior to re-detention at which Respondents bear the burden of proof by clear and convincing evidence that Petitioner's re-detention is warranted; and

5.  Petitioner's Motion for Preliminary Injunction (ECF No. 8) is **DENIED AS MOOT.**

DATED: July 24, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge

4