**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-1924-RMR

ABSARI HADGU BERHE,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility owned and operated by GEO Group, Inc.;
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD LYONS Acting Director of Immigration and Customs Enforcement (ICE); and
TODD BLANCHE, Attorney General, U.S. Department of Justice;

Respondents.

---

**ORDER**

---

On July 24, 2026, the Court granted Petitioner Absari Hadgu Berhe's ("Petitioner") Petition for Writ of Habeas Corpus and ordered his immediate release. ECF No. 12. Respondents filed a status report on July 27, 2026, indicating that Petitioner was released from custody on July 24, 2026. ECF No. 13. Also on July 27, 2026, Petitioner filed the instant Motion to Amend Order Pursuant to Fed. R. Civ. P. 60(b) ("Motion"), requesting the Court enjoin Respondents from removing Petitioner "to any third country without notice and opportunity to assert a fear-based protection claim." ECF No. 14 at 1. The Court ordered Respondents to show cause as to why it should not grant Petitioner's

Motion. ECF No. 15. Respondents filed a timely response, explaining that Petitioner's request is improper in this case. ECF No. 16.

Although Petitioner is released from custody, he remains fearful that he will be removed to the Central African Republican or another third country without notice and opportunity to assert a fear-based protection claim. ECF No. 14 at 2. Petitioner argues that his request is permissible and cites to several out-of-circuit cases where courts have prohibited Respondents from removing petitioners "to a third country without affording him notice and a meaningful opportunity to be heard in reopened removal proceedings with a hearing before an immigration judge." *Id.* at 3-4 (quoting *Vashchuk v. Bondi*, 826 F. Supp. 3d 1282, 1293 (W.D. Wash. 2026)). Respondents contend Petitioner is not entitled to an order enjoining his removal to a third country. ECF No. 16.

First, Respondents argue that Petitioner has not shown the Court's prior ruling was in error and that his release resolves this case. *Id.* at 2. However, as Respondents acknowledge, "a petitioner's release from custody does not automatically moot a habeas petition." *Lorance v. Commandant, U.S. Disciplinary Barracks*, 13 F.4th 1150, 1153 (10th Cir. 2021). Petitioner "can maintain his habeas action following his release from custody if he can identify 'collateral consequences' constituting 'disabilities or burdens which may flow from the petitioner's conviction." *Id.* In *Lorance*, the Tenth Circuit determined that the petitioner had a live interest in his habeas petition, even though he was released, because the district court could vacate his convictions and confirm that the petitioner was unconstitutionally convicted. *Id.* at 1165. Similarly here, Petitioner has a live interest in enjoining future removal without notice and opportunity to be heard, even though he has

been released from detention. *Lorance* suggests Petitioner may seek relief from unlawful removal as a collateral consequence of his habeas action. Thus, the Court does find Petitioner's request may be raised in this habeas action.

Next, the Court turns to the Immigration and Nationality Act ("INA") and its authorization of removal of certain classes of noncitizens. Under the INA, 8 U.S.C. § 1229 describes the initiation of removal proceedings, and 8 U.S.C. § 1229a outlines the procedure for removal proceedings. Section 1229(a)(1) explains that "written notice," or a "notice to appear," shall be given in person to the alien specifying, among other details, the "nature of the removal proceedings against the alien" and the "legal authority under which the proceedings are conducted." Under § 1229a(a), "an immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien." The Government "has the burden of establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable." 8 U.S.C. § 1229a(3). These statutes create the backdrop for the Department of Homeland Security's ("DHS") removal proceedings, and this Court's prior order ensures that Respondents follow the statutory removal procedure by providing petitioners notice and an opportunity to be heard. However, a noncitizen may be removed if that noncitizen is inadmissible. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020).

However, the Court acknowledges Petitioner's legitimate concern that he will be detained or removed unlawfully. This Court has previously granted habeas petitions in similar cases and ordered Respondents to provide those petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing

evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*, 2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3. Other courts in this District have also expressed "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Given this reality, the Court finds Petitioner's requested relief is appropriate and amends its prior Order as outlined below.

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that Petitioner's Motion to Amend Order, ECF No. 14, is **GRANTED**. It is FURTHER ORDERED that the Court's previous Order, ECF No. 12, is amended as follows:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other

restrictions on his movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and
4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order.

DATED: August 14, 2026

BY THE COURT:

____________________________
REGINA M. RODRIGUEZ
United States District Judge